S95A1463. JENKINS v. THE STATE.
(465 SE2d 432)

THOMPSON, Justice.

Eric Shun Jenkins was convicted of malice murder in the shooting death of his girl friend's mother; aggravated assault; and aggravated assault on a police officer.[1] His sole enumeration of error is directed to the sufficiency of the evidence.

Viewed in favor of the verdict, the evidence shows that Jenkins went to the murder victim's home in search of his girl friend, Teresa. When the victim informed Jenkins that she did not know Teresa's whereabouts, he became angry and insisted that she tell him. There had been previous altercations between Jenkins and the victim concerning his relationship with Teresa.

Jenkins went into a back bedroom and the victim followed. The victim's sister and a friend were present in an adjoining bedroom during the encounter. They overheard Jenkins in an angry tone again demanding to know Teresa's whereabouts. The victim asked Jenkins what was going on between Jenkins and Teresa. He responded, "When Teresa comes home, tell her I want my two rings and she wants it to be over with." Three gunshots were then fired. It was established that the victim had been shot two times at close range — once in the head and once in the lower back. It was the opinion of the State's pathologist and the GBI ballistics expert that the victim was holding her hand above her head in a defensive position when the shot which struck her head was fired. There was no evidence of a struggle.

---

[1] The crimes occurred on October 21, 1993. Jenkins was indicted on April 21, 1994 for malice murder, aggravated assault, aggravated assault on a police officer, and obstruction of an officer. Trial began on January 25, 1995, and on January 26, 1995, he was found guilty of the first three offenses. On March 13, 1995, Jenkins was sentenced to life imprisonment for murder, and to two concurrent 20-year sentences on the remaining counts. A motion for new trial was filed on March 31, 1995, and was denied on May 5, 1995. A notice of appeal was filed on June 2, 1995. The case was docketed in this Court on June 13, 1995, and was submitted for decision on briefs on August 7, 1995.

Jenkins left the victim's home. A police officer on patrol in the vicinity of the homicide made a routine traffic stop of a vehicle. The driver fled from the car into nearby woods. He was carrying a brown paper bag and was dressed in clothing which matched the description given by the victim's sister of the clothing Jenkins had been wearing at the time of the shooting. An insurance card bearing the name Eric Jenkins was found inside the abandoned vehicle. Jenkins later appeared at a friend's house. He was carrying a 9-millimeter gun and he informed his friend that he had just shot the victim in the head. Jenkins then telephoned his stepfather and related the same information. His stepfather came to the friend's home and drove away with Jenkins. The weapon was never found.

After receiving a call that Jenkins agreed to surrender to the authorities, police officers came to apprehend him. When Jenkins saw them approach, he began to walk away, but the officers gave chase and eventually cornered him against a brick wall. Jenkins' stepfather approached and tried to grab him, but Jenkins cut him across the chest with a box cutter. When a police officer also attempted to make contact with Jenkins, he slashed the officer with the same instrument. He again fled from the officers, but was eventually apprehended.

The evidence was sufficient to enable a rational trier of fact to find Jenkins guilty beyond a reasonable doubt of malice murder, aggravated assault and aggravated assault on a police officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 1996 —
RECONSIDERATION DENIED FEBRUARY 5, 1996.

*Thomas G. Ledford,* for appellant.

*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellee.